**UNITED STATES of America, Plaintiff,**

**v.**

**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Defendant.**

**Civ. No. 86-0328.**

United States District Court, D. Hawaii.

March 22, 1988.

Daniel Bent, U.S. Atty., Honolulu, Hawaii, David Bunning, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Charles Witherwax, M. Tyler Pottenger, Honolulu, Hawaii, for defendant.

ORDER AND DECISION

KAY, District Judge.

Trial on this matter of defendant's liability as a surety for tax deficiencies of a contractor, pursuant to performance bonds, was submitted to this court by the parties under a stipulation of agreed statement of facts.

The issues in this case are 1) whether defendant is liable on a performance bond under Section 270a(d) of the Miller Act for contractor's delinquent taxes when the notice of deficiency contained a typographical error in the due date of the delinquent taxes, 2) whether defendant is liable on a performance bond under Section 270a(d) of the Miller Act for delinquent taxes when the deficiency notice did not contain a per contract breakdown of taxes due, and; 3) whether defendant is liable on a performance bond under Section 270a(d) of the Miller Act when the plaintiff's complaint refers to the delinquency as due under a payment bond rather than the correct performance bond.

The plaintiff asserts that Section 270a(d) of the Miller Act statute merely provides that notice to defendant must be made within a specific period of time and does not specify the elements which constitute notice. Therefore, plaintiff asserts the defendant was liable once defendant received the deficiency notice. The defendant asserts, first, that the due date was incorrect in the notice, rendering the notice inapplica-

ble, second, the failure of plaintiff to break down the tax deficiencies into individual contract amounts also renders the notice invalid and, third, the error in the complaint alleging the deficiency was covered under the payment bond rather than on the performance bond rendering the complaint invalid. However, on this latter point, the defendant's previous summary judgment motion was denied.

FACTS

The stipulated facts are as follows:

1. That Plaintiff is the UNITED STATES OF AMERICA.

2. That Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND is a corporation with its principal place of business in Baltimore, Maryland and is duly authorized to do business in Hawaii.

3. That KAUA CONSTRUCTION AND DEVELOPMENT, INC. (hereinafter referred to as "KAUA"), who is not a party in this action, is a corporation organized and existing in the State of Hawaii, with its principal place of business in the State of Hawaii.

4. That on or about December 23, 1983, KAUA entered into Contract No. DACA 83–84–C–0012 with the United States Army to supply labor and materials for the upgrade of storage and handling facilities at Schofield Barracks, Oahu, Hawaii.

5. Performance and payment bonds addressing Contract No. DACA 83–84–C–0012 and as required by the Miller Act, 40 U.S.C. § 270a et seq. were issued by F & D, as surety, on behalf of KAUA, as principal, to the UNITED STATES OF AMERICA as obligee on or about January 4, 1985.

6. That on or about May 22, 1984, KAUA entered into Contract No. DACA 83–84–C–0050 with the United States Army to supply labor and materials to replace sewer mains at Tripler Medical Center, Oahu, State of Hawaii.

7. Performance and payment bonds addressing Contract No. DACA 83–84–C–0050 and as required by the Miller Act, 40 U.S.C. § 270a et seq. were issued by F & D, as surety, on behalf of KAUA, as principal, to the UNITED STATES OF AMERICA as obligee on or about May 31, 1984.

8. That on or about September 1, 1984, KAUA entered into Contract No. N62471–84–C–1427 with the United States Marine Corp to supply labor and materials for certain work at the Kaneohe Marine Corp Air Station, Oahu, Hawaii.

9. Performance and payment bonds addressing Contract No. N62471–84–C–1427 and as required by the Miller Act, 40 U.S.C. § 270a et seq. were issued by F & D, as surety, on behalf of KAUA, as principal, to the UNITED STATES OF AMERICA, as obligee.

10. That on or about September 13, 1984, KAUA entered into Contract No. N62471–83–C–1715 with the United States Marine Corp to supply labor and materials for repair of pavement at the Kaneohe Marine Corp Air Station, Oahu, Hawaii.

11. Performance and payment bonds addressing Contract No. N62471–83–C–1715 and as required by the Miller Act, 40 U.S.C. § 270a et seq. were issued by F & D, as surety, on behalf of KAUA, as principal, to the UNITED STATES OF AMERICA, as obligee, on or about December 21, 1984.

12. On or about May 9, 1985, Plaintiff, by and through its agent, Mr. Harold M. Browning, District Director, directed a notice to Defendant F & D regarding delinquent taxes of KAUA. A copy of said notice is attached hereto as Exhibit "A".

13. That portion of Exhibit "A" which gives notice of taxes due in the amount of $14,939.31 based on delinquent 941 payments with a due date of return of 4/30/85 is irrelevant to this action by reason of the fact that said delinquent taxes were paid by Bank of Hawaii on behalf of KAUA.

14. No subsequent notice was ever sent by Plaintiff to Defendant F & D regarding 941 taxes for $11,016.68.

15. Defendant F & D did not respond to or pay upon Exhibit "A" since it was:

(a) Advised that the taxes in the amount of $14,939.31 from a due date of return of 4/30/85 were paid by Bank of Hawaii and;

(b) Upon advice of counsel that the taxes of $11,016.68 from a due date of return of 1/31/84 were not properly claimed by Plaintiff since the notice was untimely pursuant to the applicable provisions of the Miller Act, 40 U.S.C. § 270a et seq.

16. That delinquent taxes in the amount of $11,016.68 are in fact due, owing and unpaid by KAUA as a result of 941 tax liability for the four contracts between KAUA and the UNITED STATES as above set forth, but Plaintiff is unable to determine what portion thereof is attributable to each of the said contracts and, accordingly, cannot ascertain to each of the said contracts and, accordingly, cannot ascertain the amount of its claim against each of Defendant's bonds aforesaid.

17. That on May 6, 1986, Plaintiff did file this action seeking to collect the allegedly overdue taxes out of the various payment bonds issued by Defendant F & D for the above scheduled projects [Plaintiff's Complaint, page 2, para. 10]. Jurisdiction was alleged and admitted pursuant to 28 U.S.C. § 1345 and 40 U.S.C. § 270a(d); venue was alleged and admitted pursuant to 28 U.S.C. § 1391(d)(c) and § 1396 [Plaintiffs Complaint, page 1, para. 3 & 4 respectively, Defendant's Answer, Second Defense, of page 2, para. 1].

## THE LAW

A. *Miller Act*

The Miller Act, Section 270a(d) "Coverage for taxes in performance bond" provides in its entirety:

> Every performance bond required under this section shall specifically provide coverage for taxes imposed by the United States which are collected, deducted, or withheld from wages paid by the contractor in carrying out the contract with respect to which such bond is furnished. However, the United States shall give the surety or sureties on such bond written notice, with respect to any such unpaid taxes attributable to any period, within ninety days after the date when such contractor files a return for such period, except that no such notice shall be given more than one hundred and eighty days from the date when a return for the period was required to be filed under Title 26. No suit on such bond for such taxes shall be commenced by the United States unless notice is given as provided in the preceding sentence, and no such suit shall be commenced after the expiration of one year after the day on which such notice is given.

Section 270a(d), 40 U.S.C. (1986).

1. *Plaintiff's Complaint Alleged Deficiency Under Payment not Performance Bonds*

Defendant alleges that Plaintiff's description in the complaint of the bonds under which delinquent taxes must be paid by the surety was incorrect. Indeed, in the Complaint, the Plaintiff states that the contractor's deficient taxes are payable under the surety's payment bond. However, plaintiff cited the correct statute in the complaint, which deals only with deficient taxes being covered under performance bonds. In addition, the original notice sent by Plaintiff correctly cites Section 270a(d).

Defendant is attempting to seize upon the error in the complaint regarding the type of bond under which the defendant can be liable. However, it is an argument of form rather than substance. The statute, Section 270a(d) of the Miller Act, cited in the plaintiff's complaint and in plaintiff's original notice to defendant, clearly indicates that the delinquent taxes are due under performance bonds, therefore the defendant's arguments are not well taken.

Under the modern Federal Rules of Civil Procedure, pleadings serve a notice function, which inform the defendant of the event for which they are sued. 5 Wright & Miller, Federal Practice and Procedure, Civil 2d Section 1202 (1986). In this case, the notice function has been served by the section cited in the complaint which deals exclusively with performance bonds. While the error in the complaint is not to be condoned, the defendant should not be permitted to escape liability when it is clear

from the complaint, what type of bond under which they are liable for the contractor's delinquent taxes. To decide otherwise runs contrary to the policy of notice pleading under the federal rules and would inappropriately raise form over substance.

2. *Incorrect Due Date and No Per Contract Deficiency Breakdown*

Defendants claim that the incorrect due date, January 31, 1984 (instead of the correct date January 31, 1985), and the lack of a per contract deficiency breakdown in the notice sent to defendant under Section 270a(d) renders the notice improper and untimely. The defendants argue that the notice has no legal effect, thus releasing them from any liability for the principal's delinquent taxes under Section 270a(d).

Plaintiff asserts that Section 270a(d) merely requires notice to the surety within the statutory period and that no other requirements as to the content of the notice are specified. Therefore, plaintiff asserts that since the taxes are due and owing and that notice was given within the statutory time period, defendant was given sufficient notice and should not escape liability because of a typographical error. Plaintiff further asserts that if the Defendant had made any good faith inquiry into the notice, that the error would have been easily realized and corrected.

From the face of the statute, the government must provide the surety

> with written notice, with respect to any such unpaid taxes attributable to any period, within ninety days after the date when such contractor files a return for such period, except that no such notice shall be given more than one hundred and eighty days from the date when a return for the period was required to be filed under Title 26.

40 U.S.C. Section 270a(d).

In this case, there is no dispute that the delinquent taxes were items covered under the performance bond and that the notice was timely sent and received. The defendants are merely asserting that the typographical error and the lack of a breakdown of deficiencies on a per contract basis rendered the entire notice improper and therefore of no effect. The statute however, does not impose additional requirements for elements of the notice. The notice appears to have the sole purpose of notifying the defendant surety of the contractor's delinquent taxes and under which bonds they are liable.

The statute referenced in the notice sent to defendant states that the time period for which the notice is being sent is either not later than 90 days after a return has been filed or not later than one hundred eighty days after a return should have been filed. Therefore, if a notice is sent to defendant, that notification alerts defendant that delinquent taxes are currently outstanding for the bond listed. Absent a mistake that the surety is liable for delinquent taxes, notice that comports with the statute is sufficient. Defendant's construction of the statute, which would require the government to provide a detailed accounting of contracts, bonds, and amounts of delinquent taxes, is unsupported by the plain language or reasonable construction of the statute, legislative history or case law authority.

Further support of the plaintiff's position comes from the factual juxtaposition of the typographical error in the due date and the date, well known to defendant, of when the contract was made and the bond issued. The error in the due date was January 31, 1984. The first contract entered into by the principal, and the effective date of the defendant's bond, was December 22, 1983, less than one month from the typographical error in the due date. Further, the notice specified that the return for the subject taxes had been filed on "4–30–85." The discrepancy between the erroneous due date and the return date was so disparate that it should have at least have raised some curiosity as to why the principal would have filed a return so late or why the government did not notice them 180 days after the due date. The absence of action or inquiry by the defendant into the status of the delinquent taxes does not excuse them from liability under the bonds. Any reflection upon the question of when

these taxes were due or had become delinquent would have revealed a question as to the validity of the date and raised a strong presumption that the date contained an error.

As correctly cited by plaintiff and defendant, there are no cases directly on point regarding the legal effect of typographical errors under the statute in question. However, there are analogous cases where other types of notices contained errors which were either nonprejudicial or which should have raised questions in the minds of defendants as to the possibility of an error, which hold that such errors in notices do not effectively relieve defendants of their legal responsibilities.

In a draft evasion case involving notice to a defendant regarding his appeal rights, the word "no" was omitted between "have" and "procedural" in the sentence "[a]gain, we advise you have procedural right of appeal at this time." *United States v. Benson,* 469 F.2d 1356 (7th Cir.1972). This error "was not detrimental to any of defendant's rights" because the appeal rights had been previously specified in an earlier letter. *Id.* at 1359.

In a case involving an error in a deficiency notice sent to a defendant in a tax adjustment case, the error did not render the deficiency invalid. *Hopper v. Government of Virgin Islands,* 550 F.2d 844 (3rd Cir.1977). The Third Circuit in *Hopper* stated that "[w]e think that the proper rule is that minor imperfections in procedure which cause no substantial prejudice to taxpayer's rights are no defense against an otherwise valid notice of deficiency." While the defendant in *Hopper* took other steps to concede that he had knowledge of the deficiency, the principle behind the function of notice remains the same. If a defendant has reason to know of an error, minor imperfections in a notice of deficiency do not render that deficiency invalid.

In the instant case, the defendant was aware that the law required statutory notice to be sent to the surety within a certain time after the deficiency was recognized. That notice was timely sent and received. The defendant was then on notice that the deficiency existed and minor imperfections in that notice should not operate to allow the surety to escape from his legal obligations to plaintiff.

## CONCLUSION

The government's notice was flawed by the typographical error in the due date. However, pursuant to the clear meaning of the statute, the notice still alerted the defendant that the contractor did not pay the required taxes and therefore deficiencies existed for which the surety was liable under the performance bond. The defendant does not assert that the deficiencies themselves did not exist but instead focuses on the imperfection of the notice to provide a defense. It further asserts that the deficiency notice must provide a per bond breakdown of deficiencies. This requirement however, is not found in the statute. This court finds that the government's notice, which included a dollar deficiency figure and bond numbers under which the defendant was liable for the deficiencies, is sufficient under Section 270a(d).

The government's use of "payment bond" language versus "performance bond" language in the complaint is also an error by the government, but this court finds that this did not prejudice the defendant. The statute under which the complaint was brought clearly specifies the legal basis for liability. In addition, the defendant also had notice of the bond numbers and, therefore, the type of bond under which it was liable in the notice letter. The court holds that the imperfections of the notice are insufficiently material to render the surety's liabilities, for which it legally contracted, void. Further, the defendant has not argued or shown that it has suffered any prejudice from the faulty notice.

Accordingly, IT IS HEREBY ORDERED that judgment is for the plaintiff in the amount of $11,016.68.00 plus interest as allowed by law.